**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **JANET LANISE LEGGETT,** | : |
| Plaintiff, | : |
| vs. | :   CA 08-0401-KD-C |
| **UNITED STATES OF AMERICA,** *et. al*, | : |
| Defendants. | : |

**ORDER**

This matter is before the undersigned on the United States' Motion to Compel Plaintiff to Join Necessary Party Defendant (Doc. 16), filed December 9, 2008. After consideration of that motion, it is hereby **GRANTED** in part and **DENIED** in part.

**I. Background.**

The parties' current dispute arises from an automobile accident on May 1, 2006, between Plaintiff's vehicle and a U.S. Postal Service ("USPS") truck which was in the process of delivering the daily mail. (Doc. 16, p. 1-2.) Previous legal counsel for Plaintiff initiated an administrative tort claim against the United States on September 14, 2007, but this claim was denied on November 11, 2007. (*Id.* at 2.) With fresh counsel, Plaintiff then filed suit in the Circuit Court of Clarke County, Alabama, on March 26, 2008, but this time targeted her suit against the

USPS driver in her individual capacity, as opposed to either the USPS or the United States proper. (*Id*.) In this new suit, Plaintiff failed to name Clarke County, Alabama as a defendant, but did name her own insurance company as such. (*Id*.) Finally, On July 10, 2008, the United States substituted itself for the USPS driver, its employee, and removed the state action to this Court. (*Id*.)

Plaintiff's reasons for not adding Clarke County as a defendant are cabalistic at best. The County owns the relevant roadway, known as Bugle Road and is legally responsible for designing, constructing, and maintaining its public roadways. (*Id*. at 3.) The United States avers in its current motion (Doc. 16) that the County not only "failed to maintain proper road conditions, rights of way, visibility and signage," but also even had "actual or constructive notice" of their deficiencies regarding their maintenance of Bugle Road *before the accident*, yet Plaintiff herself has steadfastly refused, without explanation, to include the County as a defendant in the case before the undersigned.[1]

**II. Discussion.**

---

[1] In its Answer, the United States observed that the "true, proximate[,] and efficient responsible party" was Clarke County, and requested that Plaintiff be required to name the County as a party defendant in its Prayer for Relief. (Doc. 16, p. 5-6.) During the September 22, 2008, Meeting of the Parties, the United States again requested that Plaintiff add Clarke County as a defendant, but to no avail. Finally, on November 24, 2008, Plaintiff's counsel sent the United States a letter stating bluntly: "We will not add Clarke County as a defendant." (Doc. 16, Attachment 1.)

The United States continues its quest to have Clarke County added as a party defendant to this action through its present motion, maintaining that "[b]y allowing the addition of this party defendant in this pending action, all issues will be fully and timely explored and any liability for Plaintiff's alleged loss will be addressed with less expenditure of scarce judicial resources."  (Doc. 16, p. 7.)  As a result, the United States asks either that this Court compel Plaintiff to add the County as a defendant in the instant action, or that the Court itself add the County pursuant to Fed.R.Civ.P. 21.[2]

The undersigned initially notes that "[t]he decision to join additional parties is left to the discretion of the district court," and that this decision only able to be disturbed upon a showing of the abuse of that discretion. *Dean v. Barber*, 951 F.2d 1210, 1215 (11th Cir. 1992).  Rule 19(a)(1), entitled "Required Joinder of Parties," states, in relevant part:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
>> (A) in that person's absence, the court cannot accord complete relief among existing parties.

Fed.R.Civ.P. 19(a)(1)(A).

---

[2] Fed.R.Civ.P. 21 states that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party."

Rule 19(a)(2) relates that "[i]f a person has not been joined as required, *the court must order that the person be made a party.*"  *Id*. (emphasis supplied).

Inherent in the statute, however, is the assumption that without the party to be joined, relief cannot properly be obtained among the parties.  To help make the determination of whether a would-be party fits this description, consider the Eleventh Circuit case of *Focus on the Family v. Pinellas Suncoast Transit Authority*, 344 F.3d 1263 (2003).  In *Focus*, the Court mentions that Rule 19(a) actually envisions a "two-part test for determining whether a party is indispensable."  *Id*. at 1279.  "First, the court must ascertain[,] under the standards of Rule 19(a)[,] whether the person in question is one who should be joined if feasible."  *Id*. at 1280.  *Focus* continues to point towards other Eleventh Circuit jurisprudence to elaborate that "[i]n making the first determination . . . pragmatic concerns, especially the effect on the parties and the litigation, control."  *Id*. (citing *Smith v. State Farm Fire & Cas. Co.*, 633 F.2d 401, 405 (5th Cir. 1980)).[3]

The pragmatic concerns in the case before the undersigned unquestionably dictate that the County be added as a necessary party defendant.  First, Plaintiff has identified no reason why the County cannot or should not be joined in this litigation.  Second, adding the County will

---

[3] The Eleventh Circuit adopted as precedent the decisions of the former Fifth Circuit in the *en banc* case *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981).

not deprive this Court of subject-matter jurisdiction, and the *failure* to do so may well leave the United States subject to a "substantial risk of incurring [an] inconsistent obligation" relative to its role, if any, in the accident of May 1, 2006. (Doc. 16, p. 8.) The undersigned additionally notes that as the United States observes, "[d]iscovery remains open to all parties . . . through April 30, 2009," and that therefore the addition of the County as a party defendant "will not cause [undue] delay in the litigation of this civil action." (*Id*. at 7.)

**III. Conclusion.**

For the foregoing reasons the United States' Motion to Compel Plaintiff to Join Necessary Party Defendant is **GRANTED** to the extent that Clarke County, Alabama, is hereby added to this litigation as a party defendant under Fed.R.Civ.P. 19(a), but otherwise **DENIED**. Clarke County shall answer Plaintiff's complaint within twenty (20) days of service. The United States, as the moving party, shall be responsible for serving Clarke County, Alabama with a copy of this Order and a copy of the Plaintiff's complaint.

**DONE AND ORDERED** this 5th day of January, 2009.

s/WILLIAM E. CASSADY
UNITED STATES MAGISTRATE JUDGE