**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **JANET LANISE LEGGETT,** | : |
|     **Plaintiff,** | : |
| **vs.** | :  **CA 08-0401-KD-C** |
| **UNITED STATES OF AMERICA,** *et. al*, | : |
|     **Defendants.** | : |

**REPORT AND RECOMMENDATION**

This matter is before the undersigned on Defendant State Farm Mutual Automobile Insurance Company ("State Farm")'s Motion to Dismiss (Doc. 18), filed December 15, 2008. As Plaintiff has failed to make any response as per this court's order (Doc. 20) setting a deadline of January 7, 2009, for her to have done so, this motion is unopposed. After consideration of State Farm's unopposed motion, then, it is the undersigned's recommendation that the motion be **GRANTED**, and that therefore Plaintiff's claims against State Farm be **DISMISSED WITH PREJUDICE**.

**I.    Background.**

The parties' current dispute arises from an automobile accident on May 1, 2006, between Plaintiff's vehicle and a U.S. Postal Service ("USPS") truck, operated by Defendant Jessica Smith Massey, which was

in the process of delivering the daily mail. (Doc. 16, p. 1-2.) Previous legal counsel for Plaintiff initiated an administrative tort claim against the United States on September 14, 2007, but this claim was denied on November 11, 2007. (*Id*. at 2.) With fresh counsel, Plaintiff then filed suit in the Circuit Court of Clarke County, Alabama, on March 26, 2008, but this time targeted her suit against the USPS driver in her individual capacity, as opposed to either the USPS or the United States proper. (*Id*.) Adding a wrinkle to this part of the litigation, the record intimates that Defendant Massey was operating as an uninsured motorist at the time of the accident. In her new suit, Plaintiff failed to name Clarke County, Alabama as a defendant, but did name her own insurance company (State Farm) as such. (*Id*.) On July 10, 2008, the United States substituted itself for the USPS driver, its employee, and removed the state action to this court. (*Id*.)

Finally, on December 15, 2008, State Farm filed the instant Motion to Dismiss (Doc. 18) along with a supporting brief. Plaintiff, however, has neglected to respond to State Farm's motion, despite the undersigned's order (Doc. 20) directing Plaintiff to respond to State Farm's motion by January 7, 2009.

**II.     Discussion.**

1. *State Farm's Position*

State Farm argues that Plaintiff's claims against the company should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief can be granted. Specifically, State Farm argues that because the Alabama Uninsured Motorist Statute, Alabama Code § 32-7-23, states that "in order to receive uninsured motorist benefits," the claimant must be "legally entitled to recover damages from the operator of the uninsured motor vehicle," Leggett's claims against State Farm are improper, as Massey (the operator of the uninsured motor vehicle) is not a legal target of Plaintiff's efforts by operation of the Federal Tort Claims Act.[1]  (Doc. 19, p. 2-3.)  Because Defendant Massey was "acting within the line and scope of her federal employment," State Farm posits, she is entitled to the protections of the FTCA, and therefore Plaintiff's claims against State Farm fizzle for want of an appropriate target.

---

[1] The Federal Tort Claims Act provides absolute immunity to federal employees for torts they commit within the scope of their employment. It reads, in relevant part:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim . . . shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

28 U.S.C. § 2679(d)(2).

**2.     *Standard of Law***

To survive a 12(b)(6) motion to dismiss, a complaint must "as a threshold matter provide 'a short and plain statement of the claim showing that the pleader is entitled to relief' as required by Rule 8(a)(2)." *Mallory v. GMS Funding, LLC*, 2008 WL 2782886, *1 (S.D. Ala.), quoting *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007).  After this bar has been passed, the undersigned notes that "when considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto." *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993).  While a plaintiff need not submit meticulously-detailed factual allegations, they must contain more than "labels and conclusions," and a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S.Ct. at 1965.  Moreover, "factual allegations must be enough to raise a right to relief above the speculative level," and plaintiffs must nudge their claims "across the line from conceivable to plausible [or] their complaint must be dismissed." *Id*. at 1965, 1974.  The Eleventh Circuit has taken these words from our Supreme Court and added the clarification: "Facts that are merely consistent with the plaintiff's legal theory will not suffice when, without some further factual enhancement,

they stop short of the line between possibility and plausibility of entitle[ment] to relief." *Weissman v. National Association of Securities Dealers, Inc.*, 500 F.3d 1293, 1310 (2007) (quoting *Twombly*, 127 S.Ct. at 1966).

Next, "[i]f 'a claim has been stated adequately, it may be supported by showing any set of facts consistent with the complaint.'" *Mallory*, 2008 WL 2782886 at *1, quoting *Twombly*, 127 S.Ct. at 1969. Even more pointedly, "a motion to dismiss [for failure to state a claim] may be granted only when a defendant demonstrates beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Mallory*, 2008 WL 2782886, at *1, quoting *Kirwin v. Price Communications Corp.*, 391 F.3d 1323, 1325 (11th Cir. 2004).

### 3.   *Application of the Standard*

In the unopposed Motion to Dismiss, State Farm has cited two cases in support of its proposition that the Alabama Uninsured Motorist Statute combines with the FTCA to deny the availability of Leggett's claim against them. One of these cases, *Singleton v. Burchfield*, 362 F.Supp.2d 1291 (M.D.Ala. 2005), touches nicely on the parties' current dispute.

*Singleton* came as a result of a car accident similar to that before the undersigned, with the allegedly negligent driver immune from suit by virtue of his status as a federal employee. *Id*. at 1293. When it became clear that

the federal employee, like Defendant Massey, did not independently have insurance coverage, the plaintiff in *Singleton* attempted to recover from her own insurance carrier, mirroring Leggett's efforts in the case before the undersigned.  *Id*.  After noting the above-cited language from the Alabama Uninsured Motorists Statute and the fact that the defendant federal employee was acting within the scope of his employment, the *Singleton* court concluded that "[t]herefore, [Plaintiff] is not legally entitled to recover damages from Burchfield as the plain language of [Alabama Code] § 32-7-23(a) requires.[2]  Therefore, [Plaintiff] may not recover uninsured-motorist benefits from [Defendant insurance company]."  *Id.* at 1297.

State farm argues, and the undersigned agrees, that *Singleton* controls here.  The Alabama Uninsured Motorist Statute clearly contains the qualification of a legal entitlement of recovery that must exist before an insurance company will be held liable to its insured.  Just as obviously, the Federal Tort Claims Act holds that an employee of the federal government is immune from suit in his or her individual capacity.  Thus, Plaintiff Leggett cannot recover from Defendant State Farm, as there is no legal entitlement for her to have carried a claim against Defendant Massey.

**III.    Conclusion.**

---

[2] The United States Attorney has certified that Massey was acting within the scope of her federal employment at the time of the incident giving rise to Plaintiff's claims.  (Doc. 2.)

6

For the above-stated reasons, it is the undersigned's recommendation that State Farm's Motion to Dismiss (Doc. 18) be **GRANTED** and that therefore, Plaintiff's claims against State Farm be **DISMISSED WITH PREJUDICE**.

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this 15th day of January, 2009.

                         s/WILLIAM E. CASSADY
                         UNITED STATES MAGISTRATE JUDGE

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS**

## AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

l.      *Objection*.  Any party who objects to this recommendation, or anything in it, must, within ten days of the date of service of this document, file specific written objections with the Clerk of this Court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

s/WILLIAM E. CASSADY
UNITED STATES MAGISTRATE JUDGE