## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

JANET LANISE LEGGETT,         :

     Plaintiff,             :

vs.                     :   **CA 08-0401-KD-C**

UNITED STATES OF AMERICA, *et. al*,  :

     Defendants.            :

## REPORT AND RECOMMENDATION

This matter is before the undersigned, pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(a), on Defendant Clarke County ("the County")'s Motion to Reconsider/Vacate (Doc. 27), filed January 28, 2009; the County's Motion to Dismiss (Doc. 28), also filed January 28, 2009; and the United States' Motion to Strike (Doc. 39), filed March 9, 2009.  After a thorough review of the motions, it is the undersigned's recommendation that the County's Motion to Dismiss be **GRANTED**, rendering **MOOT** the motions for reconsideration and to strike.

I.     **Background.**

On January 5, 2009, this Court entered an order (Doc. 21) that added the County as a necessary party defendant under Fed.R.Civ.P. 19(a).  On January 28, 2009, the County filed a Motion to Reconsider/Vacate (Doc. 27) that order, alleging that it was merely a *permissive*, as opposed to

indispensable, party to the litigation and that as such, their forced introduction to these proceedings was/is unwarranted.  However, on the same day they filed their Motion to Reconsider/Vacate, the County also filed a Rule 12(b)(6) Motion to Dismiss (Doc. 28), explaining that Plaintiff's claims against it are barred by relevant portions of the Alabama Code.  (Doc. 28, p. 1; Doc. 29, p. 2.)  Importantly, Plaintiff's original complaint does not aver that any itemized claim was filed against the County, and as the United States observe, Plaintiff has "chosen not to respond, argue or challenge Clarke County's contention with any probative evidence that she failed to submit the necessary claim notice to the County within the . . . time period" established by Ala. Code §§ 6-5-20, 11-12-5, and 11-12-8. (Doc. 38, p. 2.)  The United States also point to the fact that Leggett has filed a "Brief in Support of Clarke' County's Motion to Reconsider, and to Vacate Order Requiring Joinder of Clarke County as a Party Defendant" (Doc. 30), but did not challenge the County's assertions in its Motion to Dismiss.  (Doc. 38, p. 2.)  Finally, the United States observe that "Plaintiff has not sought to amend her Complaint to name the County for its negligent design, construction or maintenance of Bugle Road where the subject accident occurred."  (*Id*. at 3.)  This posture leaves the resolution of the matter rather straightforward.

**II.     Discussion.**

2

1.      *Standard of Law*

To survive a 12(b)(6) motion to dismiss, a complaint must "as a threshold matter provide 'a short and plain statement of the claim showing that the pleader is entitled to relief' as required by Rule 8(a)(2)." *Mallory v. GMS Funding, LLC*, 2008 WL 2782886, *1 (S.D. Ala.), quoting *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007).  After this bar has been passed, the undersigned notes that "when considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto."  *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993).  While a plaintiff need not submit meticulously-detailed factual allegations, they must contain more than "labels and conclusions," and a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S.Ct. at 1965.  Moreover, "factual allegations must be enough to raise a right to relief above the speculative level," and plaintiffs must nudge their claims "across the line from conceivable to plausible [or] their complaint must be dismissed." *Id*. at 1965, 1974.  The Eleventh Circuit has taken these words from our Supreme Court and added the clarification: "Facts that are merely consistent with the plaintiff's legal theory will not suffice when, without some further factual enhancement,

3

they stop short of the line between possibility and plausibility of entitle[ment] to relief." *Weissman v. National Association of Securities Dealers, Inc.*, 500 F.3d 1293, 1310 (2007) (quoting *Twombly*, 127 S.Ct. at 1966).

### 2.    *Application of the Standard*

Clearly, Leggett has not met the *Twombly* burden regarding Defendant Clarke County, nor has she any pretensions of doing so.  Indeed, Leggett has repeatedly gone out of her way to *avoid* bringing suit against the County, from rebuffing the United States' attempts at persuading her to add it as necessary party defendant to her present filing (Doc. 30) in support of the County's Motion to Reconsider.

Further, relevant portions of the Alabama Code also work to bar any potential claim that Leggett *could have* made against the County, possibly supplying the undersigned with a reason why such a claim was not presented to the Court in the first place.[1]  Ala. Code § 6-5-20, "Presentment of claim to county commission," provides that "[a]n action must not be commenced against a county until the claim has been presented to the county commission, disallowed or reduced by the commission and the reduction refused by the claimant."  *See also Callens v. Jefferson Co.*

---

[1] It is without question that Leggett has not presented such a claim to the county commission, even without reference to the affidavit attached to the County's Motion to Dismiss.

4

*Nursing Home*, 769 So.2d 273, 277 (Ala. 2000) (quoting *Marshall County v. Uptain*, 409 So.2d 423, 425 (Ala.1981) when stating that the effect of § 6-5-20 "is that a claimant may not commence an action 'against a county until the claim is presented to and disallowed by the county commission'").

Ala. Code § 11-12-8, "Limitation period for presentation of claims," states that "[a]ll claims against counties must be presented for allowance within 12 months after the time they accrue or become payable or the same are barred, unless it be a claim due to a minor or to a lunatic, who may present such claim within 12 months after the removal of such disability." *See Alabama Disposal Solutions-Landfill, L.L.C. v. Town of Lowndesboro*, 837 So.2d 292, 300 (Ala.Civ.App. 2002) (relating that a plaintiff's failure to comply with § 11-12-8 effectuates "an absolute bar to claims against a [c]ounty"); *Jacks v. Madison County*, 741 So.2d 429, 431-32 (Ala.Civ.App. 1999) (same). Finally, the Alabama Supreme Court recognized that "filing a claim is a condition precedent to the maintenance of a lawsuit against the County" in the case of *Williams v. McMillan*, 352 So.2d 1347(1977). *Id.* at 1349 (citing *Marshall County v. Jackson County*, 36 Ala. 613 (1860)). *See also Jeter v. Montgomery County*, 480 F.Supp.2d 1293, 1298 (M.D.Ala. 2007) (dismissing a claim against Montgomery County as a result of the plaintiff's failure to comply with either § 6-5-20 or § 11-12-8 and repeating the *Callens* Court's above-cited admonition that "presenting a claim to the

5

county commission within 12 months of the accrual of the claim is a condition precedent to the commencement of a lawsuit against a county.").

## III.   Conclusion.

For all of the foregoing reasons, it is the undersigned's recommendation that the County's Motion to Dismiss (Doc. 28) be **GRANTED** and that Plaintiff's claims against the County be **DISMISSED WITH PREJUDICE**.  The logical import of this recommendation is that the County's Motion to Reconsider/Vacate (Doc. 27) and the United States' Motion to Strike (Doc. 39) are rendered **MOOT**.

The instructions that follow the undersigned's signature contain important information regarding objections to the Report and Recommendation of the Magistrate Judge.

**DONE** this 20th day of May, 2009.

s/WILLIAM E. CASSADY
UNITED STATES MAGISTRATE JUDGE

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.      *Objection*.  Any party who objects to this recommendation, or anything in it, must, within ten days of the date of service of this document, file specific written

objections with the Clerk of this Court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*). The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      ***Transcript (applicable Where Proceedings Tape Recorded)***. Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

s/WILLIAM E. CASSADY
UNITED STATES MAGISTRATE JUDGE